UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JESSICA DE LA ROSA,

                Plaintiff,                            Case No. 16 CV 8845

      -against-

                                              COMPLAINT

34TH STREET DINER, INC. d/b/a TICK TOCK DINER
and THE HOLY SPIRIT ASSOCIATION FOR THE
UNIFICATION OF WORLD CHRISTIANITY,

                Defendants.

_____

        Plaintiff, JESSICA DE LA ROSA (hereinafter the "Plaintiff"), by and through her counsel,

Donald J. Weiss, Esq., hereby files this Complaint and sues 34TH STREET DINER, INC. d/b/a

TICK TOCK DINER ("Tick Tock") and THE HOLY SPIRIT ASSOCIATION FOR THE

UNIFICATION OF WORLD CHRISTIANITY (the "Owner"), both domestic corporations (Tick

Tock and the Owner being hereinafter collectively known as "Defendants"), for a) injunctive relief,

b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the

Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and

the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

        1.      This is an action for declaratory and injunctive relief pursuant to Title III of the

ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C.

§1331 and §1343.

        2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events

giving rise to this lawsuit occurred in the State of New York.

3.      The premises where the events which gave rise to this lawsuit is known as 481 8th Avenue, New York, New York (the "Property").

4.      Venue is proper in this Court as the Property is located in New York County.

5.      The Defendants are authorized to conduct, and are conducting, business within the State of New York.

6.      Upon information and belief, Tick Tock is the lessee and/or operator of an eating establishment known as a diner at the Property (the "Diner"), and maintains and controls that public accommodation.

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Diner is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8.      The Owner is the owner, lessor and/or operator of the Property where the Diner is located.

9.      The Owner allows and permits Tick Tock to occupy the Property pursuant to a written agreement.

10.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Property is a public accommodation covered by the ADA and which must be in compliance therewith.

11.     The remedies provided by the NYSHRL and the NYCHRL against discrimination are not exclusive and state and city administrative remedies need not be exhausted in connection with suits brought under the ADA.

12.     The Plaintiff is unable to ambulate due to a genetic bone disorder which inhibits her from supporting her own weight.  As a result of this condition, plaintiff cannot travel without the use of a wheelchair. Plaintiff therefore has a disability within the meaning of the ADA. 42

2

U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

## FACTS

13.     Plaintiff patronizes stores and restaurants in the neighborhood where the Property is located.

14.     The last time Plaintiff visited the Restaurant prior to the filing of this complaint was on August 2, 2016, however, because of the architectural barriers at the entrance, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the Property.

15.     Defendants' violations impede upon Plaintiff's right to travel free of discrimination.

16.     Records of the NYC Department of Buildings reveal that the Property has undergone substantial renovations since the implementation of the ADA, including a major alteration which commenced in 2013.

17.     In fact, Defendants were previously sued in this Court for, *inter alia*, civil rights violations of the ADA and failed to remediate the discriminatory barriers during the remodel, in violation of 2010 standards.

18.     Plaintiff will return to eat at the Diner once the barriers to her entry and enjoyment of the facilities have been removed (some of which are shown in annexed Exhibit A).

19.     Prior to commencement of this action, an investigation of the Diner was conducted, which revealed the following, including the statutory violations described (all of the cited violations refer to the 2010 ADA Standards for Accessible Design, unless otherwise noted, and were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

The Diner is located at the corner of 8th Avenue and 34th Streets in Manhattan and is part of the New Yorker Hotel (non-disabled patrons may enter either from the sidewalk or through the hotel).    Neither the entrance from the sidewalk or the entrance through the hotel is wheelchair accessible (see Exhibit A).  The sidewalk entrance presents consists of two sets double doors, one set on 34th Street and one set on 8th Avenue, both of which swing out towards the sidewalk and are too heavy to be managed by people in a wheelchair.  Both sidewalk entrances lead into a foyer which contains two steps which total approximately 8 inches in height, leading to a second set of doors into the Diner.  The entrance through the hotel consists of a set of 3 steps totaling approximately 24 inches in height.

The entrances to the Diner presents the following violations:

(i)        202.3 states that where existing elements or spaces are altered, each altered element or space is required to comply with the applicable requirements of Chapter 2 (all violations numbered 201 to 299 below are found in Chapter 2);

(ii)       the steps at the entrances create inaccessible entrances for people in wheelchairs, as entering with a chair requires minimum level maneuvering clearances at doorways (404.2.4);

(iii)      the sidewalk entrance doors do not have door hardware required by 404.2.8.1;

(iv)      any rises over ½ inch within the accessible route are required to be ramped (in compliance with 405) so that a person in a wheelchair may maneuver thru the entrance doors independently (201.1, 206.2.1, 206.4, 303.4, 402.1, 402.2, 403.4, 404 and 405.1);

(v)       Due to the steps at the entrances, there is no accessible route to any dining area

(206.2.5, 305, 902.1);

(vi)     during the recent renovation, the steps leading into the Diner from the sidewalk were completely removed and new steps built; in violation of 28 CFR part 36, subpart D, and  28 CFR 36.402(b)(2) and (c). the renovations were not done to provide for access to the maximum extent feasible.

(vii)    The 2010 Standards provides that in addition to the requirements of 202.3, an alteration that affects the usability of, or access to, an area containing a primary function is to be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area, including the rest rooms serving the altered area, are readily accessible to and usable by individuals with disabilities;  Defendants have removed previously available restrooms and constructed the new entranceway to be inaccessible.

Once inside the Diner, it is noted that there are no accessible tables for a patron in a wheelchair, despite the ADA requiring that 5% of the total seating be handicap accessible. Moreover, there is no toilet located on the main floor of the Diner (although one previously existed), the toilet rooms have been relocated to an inaccessible location in the basement, down a flight of stairs.

The interior of the Diner presents the following violations:

(viii)   Defendants fail to offer accessible seating/tables in the dining area which would allow both a 30 inch wide clear space, deep enough for the Plaintiff to pull up in her chair, beneath a table, and a 30 x 48 space for her chair to sit without obstructing the path of other patrons (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902);

5

(ix)     where toilet facilities are provided in a public accommodation, at least one accessible toilet room must be provided on an accessible route (213.2);

(x)     by removing the toilet rooms previously located on the main floor of the Diner, Defendants have made the Diner less accessible than it had previously been, violating 202.3.1 which prohibits a reduction in access; in fact, an alteration that has the effect of decreasing the accessibility of a facility below the requirements for new construction at the time of the alteration, as is the situation created by Defendants, is prohibited.

## COUNT I - VIOLATIONS OF THE ADA

20.     The ADA prohibits discrimination on the basis of disability.

21.     The ADA and the 2010 Standards for Accessible Design dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

22.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations of the Diner, in violation of the ADA.

23.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered by Tick Tock.

24.     Plaintiff visited the Diner with the intention of enjoying the Defendants' facilities, but was denied access to the Diner, and therefore suffered an injury in fact. She was instead directed by the Diner staff to go to a neighboring restaurant, where the Diner menu was also served. However, Plaintiff wanted to go into the Diner and was denied her right to do so.

25.     Plaintiff continues to visit the neighborhood where the Property is located and will continue to visit the Diner in the future, but continues to be injured and discriminated against due to the architectural barriers which remain at the Diner, all in violation of the ADA.

26.     To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the provisions of the ADA.

27.     Defendants continue to deny Plaintiff, who wishes to enjoy the Diner's services, opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

28.     Defendants could have removed some of the illegal barriers at the Diner by  i) ramping, with railings, the steps inside the sidewalk entrance; ii) providing ADA compliant and accessible seating; and  iii) providing an ADA compliant bathroom on an accessible path.

29.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief, including an order to alter the Restaurant to make it readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Diner until the requisite modifications are completed.

## COUNT II – VIOLATIONS OF THE NYCHRL

30.     Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

31.     The NYCHRL provides:

It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations,

advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

NYC Admin. Code §8-107(4)(a).

32.     Defendants are in violation of the NYCHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Diner.

## COUNT III – VIOLATIONS OF THE NYSHRL

33.     Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

34.     The NYSHRL provides:

It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

NYS Exec. Law §296 (2)(a).

35.     The Diner is a place of public accommodation as defined in the NYSHRL.

36.     Defendants have further violated the NYSHRL by being in violation of the rights provided under the ADA.

37.     Defendants are in violation of the NYSHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Diner.

## DAMAGES

38.     The Plaintiff demands One Thousand Dollars ($1,000.00) in compensatory damages based on Defendants' violations of the NYCHRL and the NYSHRL.

## INJUNCTIVE RELIEF

39.     Pursuant to 42 U.S.C. §1288, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Diner to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the NYCHRL and the NYSHRL, and closing the Diner until the requisite modifications are completed.

## ATTORNEY'S FEES AND COSTS

40.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees costs and expenses paid by Defendants, pursuant to the ADA and the NYCHRL.

41.     Plaintiff prays for judgment pursuant to N.Y. Exec. Law §297, including compensatory damages contemplated by §297(9).

WHEREFORE, the Plaintiff hereby demands judgment against Defendants and requests the following injunctive and declaratory relief:

a.   The Court declares the Diner owned, operated, leased, controlled, and/or administered by Tick Tock in violation of the ADA, the NYCHRL, and of the NYSHRL;

b.   The Court enter an Order requiring Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c.   The Court enter an order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, so as to allow the Defendants to undertake and complete corrective procedures to the Diner;

d.    The Court award Plaintiff such damages as are provided for under New York law;

e.   The Court award reasonable attorney fees, all costs (including but not limited to court

9

costs, expert fees, etc.) and other expenses of suit to the Plaintiff, as provided for by the ADA and New York law; and

      f.  The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: November 15, 2016

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, NY 10119
(212) 967-4440